UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN CHARLES CARTER, JR. | CIVIL ACTION |
| VERSUS | NO. 22-753 |
| ST. MARY SHERIFF OFFICE | SECTION "A" (2) |

## **FINDINGS AND RECOMMENDATION**

Plaintiff Alvin Charles Carter, Jr., filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the St. Mary Parish Sheriff's Office violated his federal and state constitutional rights and caused him to lose his property and social security benefits as a result of his unlawful arrest on September 3, 2021.   ECF No. 1, at 1-2 (Deficient Complaint).   Carter did not submit his complaint on the required form, pay the required filing fee, or file a motion to proceed *in forma pauperis* with the complaint.

On March 28, 2022, the clerk of this court sent Carter a notice of these deficiencies which required him to submit his complaint on the proper form and either pay the filing fee or file a properly completed and certified pauper application within twenty-one (21) days of the date of the notice.   ECF No. 2.   The clerk mailed the deficiency notice to Carter at his prison address of record in the St. Mary Parish Jail in Centerville, Louisiana.   On April 14, 2022, the envelope was returned marked "Unable to Forward" with a notation, "R[eturn] T[o] S[ender] – Not Here."   ECF No. 3, at 2.   Carter has not contacted the clerk of court about his case or provided the court with his current address.   All litigants are obligated to keep the court advised of any address change. *See* EDLA Local Rules 11.1 and 41.3.1.   "[T]he failure of a pro se litigant to notify the district

court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[1]

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court.[2]   In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.[3]   Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b).   A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[4]   A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[5]

The court has been unable to send Carter the notice of deficiency due to his failure to notify the Court of his current address, and he has not provided the information or fee necessary to prosecute his case.   To date, Carter has not filed a Notice of Change of Address or otherwise contacted the court or clerk of court about his case.   His failure to comply with the court's rules has created delay in the court's ability to efficiently manage the case.   This delay is caused by and attributable to Carter himself, justifying dismissal of his complaint for failure to prosecute.[6]

---

[1] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[2] *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 749 (5th Cir. 1987).
[3] *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474–75 (5th Cir. 1986).
[4] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[5] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.
[6] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

2

Even if Carter corrects his pleadings, this court is not a proper venue for Carter's § 1983 complaint. Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.[7] The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In this case, Carter indicated that he was arrested and detained in St. Mary Parish, Louisiana. ECF No. 1, at 2, 6. In addition, the sole defendant identified is the St. Mary Parish Sheriff's Office, the entity by which the arresting officers were employed. *Id*. at 1, 3. Thus, the defendant and the events about which he complains were or are in St. Mary Parish. St. Mary Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice.[8] The transfer provisions "'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'"[9] Some of the interests of justice to be weighed by a transferring court include "the

---

[7] *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).
[8] *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).
[9] *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014).

cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.[10]   A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."[11]   While transfer may be considered, the interests of justice and fairness to the parties does *not* dictate transfer of this case for the following reasons.

Initially, Carter has failed to provide a proper complaint, pauper application, or make any effort to pay the required filing fee to initiate his civil action.   Further, he has failed to comply with his duty to maintain a current address with this Court.   Additionally, the sole named defendant, the St. Mary Parish Sheriff's Office, is not a suable entity.   In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[12]   The State of Louisiana grants no such legal status to any law enforcement office or department.[13]   Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability.[14]   Carter's claims, therefore, are frivolous.[15]

---

[10] *Id.* at 677-78 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).

[11] *Id.* at 678.

[12] *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)); *Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. REV. STAT. ANN. § 33:361 and *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001)); *Fitch v. Terrebonne Parish Sheriff Dept.*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006).

[13] *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept.*, 350 So. 2d 236 (La. App. 3d Cir. 1977).

[14] *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993).

[15] As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.   28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin v. Scott*, 156 F. 3d 578, 579-80 (5th Cir. 1998).   The court must dismiss an *in forma pauperis* or prisoner-filed § 1983 complaint if, upon review, it is frivolous and/or fails to state a claim.   *See, e.g..,* 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.   A claim is frivolous if it "lacks an arguable basis in law or fact."   *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).   The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to

For the reasons above, Carter has failed to prosecute this case, has failed to sue a entity subject to suit under § 1983, and has failed to provide fair or just reasons for a venue transfer. Accordingly, the interests of justice do not counsel in favor of a transfer of this matter, even if Carter were to correct the deficiencies noted above.

In a final effort to provide Carter with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge.   Carter is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report.   It is suggested to Carter that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders.   Carter is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Carter is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit.   A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[16]

---

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[16] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).

## **<u>RECOMMENDATION</u>**

It is **RECOMMENDED** that plaintiff Alvin Charles Carter, Jr.'s § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b) and for filing in an improper venue.

New Orleans, Louisiana, this 19th day of May, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).